[Civ. No. 9548. Second Appellate District, Division Two.—May 16, 1934.]

LAURA B. PHELPS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William A. Monten and Jenny H. Monten for Petitioner.

Everett W. Mattoon, County Counsel, Fred Cross, Deputy County Counsel, Paul Otto and Cosgrove & O'Neil for Respondents.

STEPHENS, P. J.—Petitioner brought an action in the superior court setting up six alleged causes of action, to which the defendant interposed demurrers to all but the first two. The court sustained the demurrer as to each cause as against which it was directed, and gave ten days to amend. Petitioner asks us to command the superior court by *mandamus* to proceed to take jurisdiction of the sixth cause of action without amendment thereto.

Petitioner is the widow of a decedent whose will is in process of probate and is a beneficiary under such will, defendant being the executor of the will. The first two alleged causes of action as to which there is as yet no pleading sound in damages personal to petitioner. The sixth alleged cause of action asks a complete accounting in the interest of the estate of the executor's stewardship,

alleging extrinsic fraud on the part of the executor and the discovery of such fraud too late to appeal from an order settling an account current.

Respondents submit a demurrer to the petition for *mandamus;* and whether there is, strictly speaking, a demurrer to a petition for the issuance of such a writ, it is obvious that we should not be justified in considering the merits of petitioner's request if it appears upon the face of the pleadings that we are in no position to help her. We think we can afford petitioner no relief for the following reasons:

The writ of *mandamus* cannot be used to correct errors either in the trial of law or fact, and it affirmatively appears by the petition herein that it seeks the correction of an alleged error of law in the court's ruling on a demurrer.

The demurrer was upon several grounds, and the court, after exhaustive argument by counsel, made a general order sustaining it. The court did not decline jurisdiction of the demurrer, but specifically took jurisdiction and ruled. It is true the court gave a written opinion as to its reasons for the rulings, in which it made comment on but one of the asserted causes for demurrer to the sixth cause of action. As to the other causes, no one but the court knows whether it considered them at all, or if it did consider them, how it viewed them. The one reason given for sustaining the demurrer to the sixth cause of action was that the pending probate proceedings exclusively embraced the subject of accounting in the estate, including an equitable inquiry into settled accounts based upon extrinsic fraud, after the time for appeal from the order of settlement had expired.

If it were here conceded that only the jurisdiction to maintain such an equitable action was before the trial court on demurrer, we would very seriously consider whether *mandamus* would be the proper method of testing the ruling. But it is apparent that no such situation exists.

The writ is dismissed.

Craig, J., and Archbald, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1934.